```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
UNITED STATES OF AMERICA,                         :
                                                  :           **SUMMARY ORDER**
                -against-                         :
                                                  :           07-CR-543 (DLI)(SMG)
RUSSELL DEFREITAS,                                :
        also known as "Mohammed,"                 :
 AND ABDUL KADIR,                                 :
        also known as "Aubrey Michael Seaforth,"  :
                                                  :
                Defendants.                       :
----------------------------------------------------------------x
```
**DORA L. IRIZARRY, United States District Judge:**

Familiarity with the background of this case is assumed. *See generally United States v. Defreitas*, 2010 WL 2292194 (E.D.N.Y. June 3, 2010); *United States v. Defreitas*, 2010 WL 1850950 (E.D.N.Y. May 6, 2010); *United States v. Defreitas*, 2010 WL 1223244 (E.D.N.Y. Mar. 24, 2010). The government moves *in limine* to preclude, as inadmissible hearsay, defendants'[1] introduction of certain recorded conversations between themselves and their alleged coconspirators. (*See* Docket Entry No. 261 ("Gov't Mot.") at 1.) The government further seeks to compel defendants to identify the evidentiary basis for any recordings they seek to admit. (*See id.*) For the reasons set forth below, the government's motion is granted in part and denied in part.

As an initial matter, the court notes that defendant Defreitas submitted a sur-reply to the government's reply. Sur-replies are not permitted; counsel must raise all legally viable

---

[1] By letter to the government dated May 3, 2010, defendant Ibrahim identified sixty-seven recordings that he might offer into evidence. (*See* Docket Entry No. 208.) On June 9, 2010, Ibrahim was severed from his codefendants. The issue now being moot as to Ibrahim, the court will not address the issue as to him. Similarly, as defendant Nur pled guilty on June 29, 2010 to a superseding information in connection with this case, the court will not address his arguments in opposition to the government's motion.

arguments in support of their position in the first instance, and not as an afterthought. In the future, sur-replies submitted without the court's permission will be summarily rejected. The court further notes disapprovingly that defendant Kadir, once again, has ignored the court's repeated admonitions to refrain from using his responsive briefings to make additional motions. If a party desires that the court take some action, the proper procedure is to file a motion, allow the opposition the opportunity to respond, and then file a single reply. Any requests deviating from this standard procedure in the future will likewise be summarily rejected. For the sake of completeness, the court nevertheless addresses the issues belatedly raised by defendants. With respect to Kadir's request that the government "justify by a preponderance of the evidence that the statements [it wishes to introduce] were made by a member of the conspiracy in the course of and in furtherance of the conspiracy" (Docket Entry No. 282, at 3 (citing FED. R. EVID. 801(d)(2)(E)), the government has recognized that it must lay a proper foundation at trial prior to the introduction of any recordings. (*See* Docket Entry No. 302 ("Gov't Reply") at 4.) Accordingly, Kadir's request in this matter is denied.

With respect to the government's motion, Kadir opposes it first on the ground that providing the evidentiary bases for the recordings will provide the government an inappropriate preview of his defense. (*See* Docket Entry No. 282 ("Kadir Resp.") at 3.) This argument is utterly unconvincing at this stage of the litigation, on the eve of opening arguments, as the United States Supreme Court has held that *in limine* rulings are permitted "pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 39 n.4 (1984). Kadir's reluctance to provide the court with transcripts of the recordings he seeks to introduce and the bases for their introduction does not permit the court to efficiently consider the matter in a thoughtful way.

Both defendants next respond to the government's motion by arguing, pursuant to Federal Rule of Evidence 106, that the remaining portions of any recorded conversations introduced by the government are admissible under the doctrine of completeness. (*See* Kadir Resp. at 1; Docket Entry No. 287 ("Defreitas Resp.") at 1.) This argument has been mooted by the government's proffer that it will move into evidence the entirety of each of the recorded conversations it intends to play at trial, as opposed to merely the portion it intends to play. (*See* Gov't Reply at 3.)

Without providing the relevant transcripts to the court, Kadir next argues that certain unspecified recordings should be admissible as established hearsay exceptions because they will be offered to prove "other relevant facts," as opposed to the truth of the matter asserted. (Kadir Resp. at 1–2.) This response is woefully inadequate. To the extent there are recordings that defendants wish to introduce that are not covered by the government's aforementioned proffer, defendants must identify the recordings by session number and provide a transcript thereof to the court for its review. To the extent any of these recordings contain defendants' out-of-court statements, defendants must set forth why they should not be barred as inadmissible hearsay, and must furthermore set forth their relevance. *See* FED. R. EVID. 402; *see also United States v. Marin*, 669 F.2d 73, 84 (2d Cir. 1982) (statements introduced as hearsay exceptions must also prove relevant to the issues in the lawsuit). Defendants have had these recordings for months. The court will not countenance any undue delay of the trial due to the parties' failure to timely raise issues of admissibility to the court.

Finally, in the face of the government's proffer that it does not seek to introduce statements contained in a conversation recorded on May 25, 2007 known as ID 81, Session 4 (*see generally* Docket Entry No. 321; *see also* Defreitas Resp. Ex. B), Defreitas belatedly argues

in his sur-reply that he nevertheless seeks to admit those statements as hearsay exceptions, offered to show his then-existing state of mind. *See* FED. R. EVID. 803(3) ("[a] statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health) . . . [is] "not excluded by the hearsay rule even though the declarant is available as a witness"). Specifically, Defreitas contends that the statements indicate that he did not have the requisite intent to join the charged conspiracies, as evidenced by his unwillingness to meet with Abu Bakr. (*See* Docket Entry No. 321, at 3.) Having examined the transcript of the conversation in question, the court is satisfied that the statements do in fact relate to a then-existing state of mind, as opposed to "a past memory or belief offered to prove the fact remembered or believed." *See United States v. Cardascia*, 951 F.2d 474, 488 (2d Cir. 1991). With no indication that the statements were merely "self-serving attempts to cover tracks already made," the court denies the government's motion as to this recording. *United States v. Cianci*, 378 F.3d 71, 106 (1st Cir. 2004) (internal quotation marks omitted). *But see Cardascia*, 951 F.2d at 487 ("the likelihood that the declarant is misrepresenting his state of mind is not an additional qualification to the admissibility of state of mind hearsay statements") (citing *United States v. Harris*, 733 F.2d 994, 1005 (2d Cir. 1984)). Accordingly, the recording in question may be introduced so long as Defreitas otherwise establishes a proper foundation.

SO ORDERED.

Dated: Brooklyn, New York
June 29, 2010

/s/
DORA L. IRIZARRY
United States District Judge